## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

IN RE:  HENRY L. KLEIN                                      No. 1:23-mc-00034-WJ

### ORDER DENYING REQUEST FOR HEARING

Henry L. Klein notified the Court that "he was suspended by the Louisiana Supreme Court effective June 27, 2023."  Notice of Suspension at 1, Doc. 1, filed October 27, 2023; *see also In re: Henry L. Klein*, 362 So.3d 392 (La. May 18, 2023) (*per curiam*).

The undersigned notified Mr. Klein that the Local Rules of Civil Procedure for the District of New Mexico do not allow an attorney who has been suspended from the practice of law to practice before this Court and ordered Mr. Klein to show cause why the Court should not suspend him in accordance with D.N.M.LR-Civ. 83.2(c) ("Rule of Good Standing") due to his suspension by the Supreme Court of Louisiana.  *See* Order to Show Cause at 2-3, Doc. 4, filed October 30, 2023 (notifying Mr. Klein that he may request the undersigned to appoint a Panel of Judges to review the State disciplinary proceedings).

Mr. Klein filed a Response to the Order to Cause stating that a Panel of Judges is not necessary and that his petition of certiorari regarding the State of Louisiana's suspension of Mr. Klein would be considered in November.  *See* Response at 7, Doc. 6, filed November 2, 2023; *see also Klein v. Office of Disciplinary Counsel*, No. 23-261, --- S.Ct. ---, 2023 WL 9007363 (Mem.) (denying Mr. Klein's petition for writ of certiorari on November 20, 2023).  Mr. Klein also filed several other documents in support of his Response.  *See* Doc's 8-12, filed November 2-5, 2023.

After reviewing Mr. Klein's Response and supporting documents, the undersigned suspended Mr. Klein indefinitely after finding Mr. Klein had not established by clear and convincing evidence that he is entitled to relief from the Rule of Good Standing.  *See* Order of

Suspension at 11-12, Doc. 14, 2023.  The undersigned ordered the Clerk provide a copy of this Order to the Judges presiding over pending cases in which Mr. Klein appears as counsel and ordered that the Judges presiding over those cases may allow Mr. Klein to continue to appear for whatever time they deem appropriate so as not to prejudice his clients.  *See Four Winds Behavioral Health, Inc. v. United States Small Business Administration*, No. 1:23-cv-00984-JHR-LF; *In House Convenience, LLC v. United States of America*, No. 1:23-cv-00985-LF-JFR.

On January 17, 2024, after Mr. Klein filed notices that he intended to seek reinstatement to the Federal Bar of the United States District Court for the District of New Mexico, United States Magistrate Judge Laura Fashing, in *Four Winds*, and United States Magistrate Judge John F. Robbenhaar, in *In House Convenience*, ordered Mr. Klein to either secure his reinstatement to practice before the United States District Court for the District of New Mexico, or file a motion to withdraw, by February 16, 2024.  *See* Doc. 8, filed in *Four Winds*; Doc. 9, filed in *In House Convenience*.

Mr. Klein then filed a "Report on Proceedings in the Eastern District of Louisiana," along with eight attachments, which is now before the undersigned.  *See* Doc. 16, filed February 8, 2024 ("Report") (with eight documents totaling 83 pages attached).  The Report: (i) states that the Louisiana Supreme Court suspended Mr. Klein for filing overly-zealous pleadings; (ii) states the Chief Judge of the Eastern District of Louisiana issued a scheduling order in Mr. Klein's disciplinary proceeding in the Eastern District of Louisiana; (iii) notes Mr. Klein's suspension in the District of New Mexico by the undersigned and suggests the Louisiana Supreme Court's order upon which the undersigned relied was misleading and states that the Louisiana Supreme Court had no justification for suspending Mr. Klein; and (iv) states Judge Fashing and Judge Robbenhaar's Orders setting a February 16, 2024, deadline for Mr. Klein's reinstatement or motion

to withdraw "would endanger the most valuable aspect of the In-House Convenience case, Magistrate-Judge Yarbrough's ruling in *Four Winds Behavioral Health*."  Report at 4.  Mr. Klein also cites two cases for the proposition that federal court discipline does not automatically flow from discipline by state courts, but does not address the fact that the undersigned did not automatically suspend Mr. Klein based on the Louisiana Supreme Court suspension.  *See* Order of Suspension at 2-9 (considering whether: (i) the procedure resulting in discipline by the Louisiana Supreme Court was so lacking in notice or opportunity to be heard as to deny due process; (ii) the application of the Rule of Good Standing would result in grave injustice; and (iii) Mr. Klein's misconduct warranted substantially less severe discipline).

Mr. Klein states:

> Respondent seeks oral argument before all four judicial officers involved . . .This case has landmark attributes . . . If Respondent is in danger of ending his career in infamy, he asks to face the members of this Court live and in color . . . Respondent was advancing the ends of justice, fighting an "…odious purchaser of litigation…" . . . Telling the truth has wrought Respondent a career-ending order under very suspicious circumstances of [Louisiana Office of Disciplinary Counsel] and GIROD [party in underlying case in Louisiana state court] combining to SILENCE the very pesky Henry Klein . . . Respondent would like to fly to Albuquerque before this Court makes a final decision and fight for the right to finish the job which he has started against the USDA.

Report at 6-7 (seeking a one-hour hearing).

Mr. Klein subsequently filed three additional documents.  The first cites a United States Supreme Court decision issued February 8, 2024, on a "similar issue [that] has been raised by Respondent in the multiple cases he has handled from *Four Winds Behavioral Health v. USDA*, decided by Magistrate-Judge Yarbrough, to the case at bar."  Supplement by Respondent Regarding SCOTUS Ruling and Request for Live Presentation of Issues at 1, Doc. 17, filed February 12, 2024 ("Supplement") (with an attachment of a brief Mr. Klein filed in a case in the Civil District Court for the Parish of Orleans, State of Louisiana).  Mr. Klein renews his request to

make a presentation to the undersigned and Judges Fashing, Robbenhaar and Ritter because Mr. Klein's withdrawal from *Four Winds* and *In House Convenience* "will leave a very important case with precedential value lawyer-less" and "*In-House Convenience* has landmark written all over it." Supplement at 2-3. The second document is a Notice in which Mr. Klein states "How and why the Louisiana Supreme Court wrote the scathing May 18 suspension order is very disturbing" and attaches a brief Mr. Klein filed in a case in the Civil District Court for the Parish of Orleans, State of Louisiana. Response as Intervener in *Girod v. Hermes* at 1, Doc. 18, filed February 14, 2024. The third document states that the Magistrate Judges in *Fair Winds* and *In House Convenience* denied Mr. Klein's "motions to stay while the United States Supreme Court considered my Petition for relief from the Louisiana suspension and while the Eastern District of Louisiana completed their analysis" and asks for "the opportunity to address Your Honor personally." Respondent's Request for an Opportunity to Appear in Person at 1, Doc. 19, filed February 14, 2024.

It appears Mr. Klein seeks a hearing for the purpose of presenting an oral motion for reinstatement to practice before this Court. Mr. Klein states his presentation "will be a hopefully persuasive presentation by Respondent of the gravity of the suspension by the Louisiana Supreme Court that is highly suspect." Supplement at 3.

This Court suspended Mr. Klein based on his suspension by the Louisiana Supreme Court. *See* Standard 2.9 Reciprocal Discipline, Annotated Standards for Imposing Lawyer Sanctions at 112, American Bar Association (2d ed. 2019) ("ABA Standards") ("Reciprocal discipline is the imposition of a disciplinary sanction on a lawyer who has been disciplined in another jurisdiction").

A lawyer who has been disciplined in one U.S. jurisdiction is subject to reciprocal discipline in any other U.S. jurisdiction in which the lawyer is admitted. The

purposes of reciprocal discipline are to prevent a lawyer admitted to practice in more than one jurisdiction from avoiding the effect of discipline by simply practicing in another jurisdiction, to prevent relitigation of misconduct that already has been established in another jurisdiction, and to protect the public from lawyers who commit such misconduct.

ABA Standards at 112.

If a lawyer's misconduct is serious enough to warrant a suspension from practice longer than six months, courts should not grant reinstatement until the lawyer demonstrates rehabilitation, compliance with all applicable discipline or disability orders, and fitness to practice law.
. . . .

Rule 25(E) of the MRLDE [Model Rules for Lawyer Disciplinary Enforcement] sets out the following criteria that lawyers suspended more than six months must meet before being reinstated:

Full compliance with the terms and conditions of all prior disciplinary orders;

The lawyer has neither engaged in nor attempted to engage in the unauthorized practice of law during the period of suspension;

Any physical or mental disability or infirmity existing at the time of suspension has been removed; if alcohol or other drug abuse was a causative factor in the lawyer's misconduct, the lawyer has pursued appropriate treatment, has abstained from the use of alcohol or other drugs for a stated period of time, generally not less than one year and is likely to continue to abstain from alcohol or other drugs;

The lawyer recognizes the wrongfulness and seriousness of the misconduct resulting in the suspension;

The lawyer has not engaged in any other professional misconduct since suspension;

Notwithstanding the conduct for which the lawyer was disciplined, the lawyer has the requisite honesty and integrity to practice law; and

The lawyer has kept informed about recent developments in the law and is competent to practice.

ABA Standards at 65.

When a lawyer has been suspended for more than six months, reinstatement may be appropriate when the lawyer can show rehabilitation. Application for reinstatement should not be permitted until the expiration of the ordered period of suspension and generally not until at least six months after the effective date of

suspension.  A lawyer should not be reinstated unless he or she can show by clear and convincing evidence criteria set forth in Rule 25(E) of the MRLDE.

ABA Standards at 122.

The Court denies Mr. Klein's request for a hearing.  The Louisiana Supreme Court suspended Mr. Klein from the practice of law for one year and one day beginning May 18, 2023. *See In re: Henry L. Klein*, 362 So.3d 392, 401 (La. May 18, 2023) (*per curiam*); ABA Standards at 122 ("Application for reinstatement should not be permitted until the expiration of the ordered period of suspension").  Mr. Klein has not filed a written motion seeking reinstatement that states legal authority in support of reinstatement and shows by clear and convincing evidence that he has satisfied the criteria set forth in Rule 25(E) of the Model Rules for Lawyer Disciplinary Enforcement.  *See* D.N.M.LR-Civ. 7.1(a) ("A motion must be in writing and state with particularity the grounds and the relief sought"); D.N.M.LR-Civ. 7.3(a, b) ("A motion . . . must cite authority in support of the legal positions advanced;" "Parties must submit evidence, in the form of declarations, affidavits, deposition excerpts, or other documents, in support of allegations of fact").  The Court will not comb through the various documents attached to Mr. Klein's filings to determine whether reinstatement is appropriate.  *See Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant").  Finally, the Court will not allow Mr. Klein to relitigate the merits of the State of Louisiana's disciplinary procedure.  *See* D.N.M.LR-Civ. 83.2(d)(2) ("It is presumed that discipline imposed by another court against a member of the bar of this court is appropriate"); Standards at 113 (Rule 22 of the MRLDE "provides that a certified copy of a final adjudication imposing discipline on a lawyer in another jurisdiction constitutes conclusive evidence that the lawyer committed the misconduct").

**IT IS SO ORDERED.**

**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**